UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DEXTOR FRANK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:14-cv-00113 |
| | ) | Senior Judge Haynes/ |
| v. | ) | Judge Brown |
| | ) | |
| DANIEL PRITCHARD | ) | |
| and RANDALL RUNIONS, | ) | |
| | ) | |
| Defendants. | ) | |

*REPORT AND RECOMMENDATION*

TO: THE HONORABLE SENIOR JUDGE WILLIAM J. HAYNES, JR.

Pending before the Court is a motion to dismiss filed by Defendants Daniel Pritchard and Randall Runions pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 23). The Defendants have filed a supporting memorandum (Docket No. 24), the Plaintiff has filed a response in opposition to the motion (Docket No. 26), and the Defendants have filed a reply to the Plaintiff's response (Docket No. 33). For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss be granted in part and denied in part. In particular, the Magistrate Judge recommends that the Court should grant the Defendants' motion to dismiss as to the Plaintiff's request for monetary relief against the Defendants. However, the Magistrate Judge recommends that the Court should deny the Defendants' motion to dismiss on all other grounds.

**I. INTRODUCTION AND FACTUAL BACKGROUND**

On August 22, 2014, the Plaintiff, an inmate at the South Central Correctional Facility (SCCF) in Clifton, Tennessee, and a practicing Muslim, filed a *pro se* complaint against Defendants Daniel Pritchard, SCCF Associate Warden, and Randall Runions, SCCF Chaplain, alleging that Defendants

1

violated the Plaintiff's right to free exercise of religion arising out of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1(a), when the Plaintiff was not permitted to attend a sacred Muslim religious feast at SCCF because the Plaintiff lacked sufficient money to pay for his feast meal. (Docket No. 1).

By Order entered on September 2, 2014, the Court granted the Plaintiff's application to proceed *in forma pauperis* and found that the Plaintiff's complaint stated a colorable claim against the Defendants under RLUIPA. (Docket No. 3). The Clerk issued summonses to the Defendants by certified mail on September 10, 2014. (Docket Nos. 3, 5).

On September 12, 2014, the Plaintiff filed a motion to amend his complaint. (Docket No. 6). In his motion, the Plaintiff sought only to add to his complaint the relief sought in this action. (*Id*. at pp. 1-2). The Court granted the Plaintiff's motion by Order entered on October 24, 2014, (Docket No. 13), and the Plaintiff's complaint was amended to seek, *inter alia*, thirty-eight thousand dollars in punitive damages from each Defendant and an injunction preventing the Defendants from denying "any Sunni Practice Muslims from attending Sunni Muslims Religious Feast and/or Religious gathering" at SCCF. (Docket No. 6)

In the Defendants' motion to dismiss, they allege that the Court should dismiss this action because the Plaintiff has failed to allege a claim against the Defendants upon which the Court may grant relief. According to the Defendants, the Plaintiff has failed to allege (1) any prison policy that substantially burdens the Plaintiff's religious practices; (2) any claim against Defendants in their official capacities; and (3) any claim that Defendant Pritchard actively participated or was personally involved in the alleged denial of Plaintiff's rights under RLUIPA. The Defendants further allege that the Court should dismiss Plaintiffs' request for monetary relief against each Defendant because RLUIPA does not allow for such recovery. (Docket No. 24 at pp. 3-4).

2

Plaintiff filed a response to the Defendants' motion to dismiss, alleging that the SCCF policy denying indigent inmates the opportunity to participate in the Muslim feast substantially burdens his religious practice and that both Defendants participated in the implementation and enforcement of this policy. (Docket No. 26).[1]

## II. LEGAL DISCUSSION

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Further, *pro se* pleadings filed in civil rights cases are to be liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim

---

[1] To the extent that the Plaintiff's response to the Defendants' motion to dismiss includes evidence not submitted with the Plaintiff's original complaint (such as grievances, SCCF memoranda, and affidavits), the Court has not considered those materials for their evidentiary value in considering the Defendants' motion to dismiss. However, to the extent that the materials submitted by the Plaintiff flesh out claims raised by the Plaintiff within the four corners of his complaint, the Court considers them at this time for that purpose only.

to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555–56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

RLUIPA, the statute pursuant to which the Plaintiff brings this action, prohibits state and local governments from imposing a substantial burden on a prisoner's religious exercise unless the burden is the least restrictive means of furthering a compelling government interest. *See* 42 U.S.C. § 2000cc. "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). Recently, the Sixth Circuit held that "[t]o establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy substantially burdens a religious practice." *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014). An inmate bears the "burden of persuasion on whether the law . . . or government practice that is challenged . . . substantially burdens the plaintiff's exercise of religion." *Hayes v. Tenn.*, 424 Fed. Appx. 546, 554-55 (6th Cir. 2011). Once an inmate makes this showing, the prison policy survives only if it serves a compelling governmental interest in the least restrictive way. *Id.* (citing § 2000cc-1(a)).

While Defendants insist that the Plaintiff has not alleged that any prison policy substantially burdens his religious practices, the main crux of the Plaintiff's complaint is that he and other indigent inmates were the denied the opportunity to attend a sacred Muslim religious feast at SCCF because SCCF's policy, as enforced by Chaplain Runion and supported by Associate Warden Pritchard, did not and does not permit inmates to attend religious feasts who cannot pay for the cost of the feast from

4

their personal inmate trust fund accounts.² And, although the Defendants in their reply make much of the distinction between "mandatory" and "non-mandatory" activities according to the rules of a particular religion (Docket No. 33 at p. 2), RLUIPA defines "religious exercise" to include "any exercise of religion, *whether or not compelled by, or central to, a system of religious belief.*" *Dowdy-El v. Caruso*, 2012 WL 8170409, at *7 (E.D. Mich. July 24, 2012)(citing 42 U.S.C. § 2000cc-5(7)(A)(emphasis in original)(entering a judgment in favor of Muslim inmate plaintiffs on RLUIPA claims who challenged prison officials' failure to accommodate their requests for participating in the Eid ul Fitr and Eid ul-Adha Feats)); *see also Hardy v. Agee*, 2014 WL 4163842, at *5 (W.D. Mich. Aug. 30, 2014)("prison officials may not inquire into whether a particular belief or practice is 'central' to a prisoner's religion"). Thus, whether the Defendants believe the feast at issue here to be mandatory or non-mandatory is of no consequence to this Court's inquiry.

The claim asserted by the Plaintiff is distinguishable from the RLUIPA claim raised by the inmate plaintiff before this Court in *Montague v. Corrections Corporation of America*, 2011 WL 3476543, at *8 (M.D. Tenn. Aug. 8, 2011). In *Montague*, the Muslim plaintiff challenged the food to be served at the Eid ul-Fitr and Eid Adha banquets at his facility, but admitted that he was able to participate in religious ceremonies with other Muslims and was able to celebrate his religious feasts, despite the alleged inadequacy of food items. The Court found that, under the facts presented, there was no genuine issue of material fact as to whether a substantial burden was placed on the inmate plaintiff's religious exercise. The court specifically determined that the plaintiff had *not shown* "that disallowing the pooling of funds, such that inmates that cannot afford to pay for their meal[s] may not participate, substantially burdens *Plaintiff's* exercise of his religion." *Id.* (emphasis in original). Here,

---

²The Plaintiff's additional claims regarding whether inmates ought to be permitted to pool resources to pay for indigent inmates' religious meals or whether outside religious groups should be allowed to pay for indigent inmates' religious meals are outside of the scope of Defendants' instant motion to dismiss.

5

however, the Plaintiff's assertion is to the contrary: he alleges that he was not allowed to participate in the feast *at all* because he could not pay for his meal. This Court is of the opinion that the Plaintiff has alleged that a SCCF policy placed a substantial burden on the Plaintiff's religious exercise, and this claim should survive the Defendants' motion to dismiss. Furthermore, the Plaintiff alleges that both Defendants played a role in enforcing and endorsing this policy as it has been applied and is being applied to the Plaintiff.

However, Defendants are correct in asserting that RLUIPA does not authorize claims for monetary damages against defendants in either their official or individual capacities.[3] *See Haight*, 763 F.3d 554, 570 ("Every circuit to consider the question, whether before or after *Sossamon* [*v. Texas*, 131 S. Ct. 1651, 1655, 179 L. Ed. 2d 700 (2011)] or after, has held that RLUIPA does not permit money damages against state prison officials, even when the lawsuit targets the defendants in their individual capacities."); *Cardinal v. Metrish,* 564 F.3d 794, 801 (6th Cir. 2009)(concluding that RLUIPA "does not contain a clear indication that Congress unambiguously conditioned receipt of federal prison funds on a State's consent to suit for monetary damages[,]" thus, the Eleventh Amendment bars RLUIPA claims for monetary damages from defendants in their official capacities*)*; *Flippin v. Vaughn,* 2014 WL 7404035, at *3 (W.D. Ky. Dec. 30, 2014)(citing *Haight* and finding that plaintiff could not bring a claim for monetary damages against the defendants in their individual capacities under RLUIPA, but allowing RLUIPA claim to proceed for equitable relief against defendants). Pursuant to the Sixth Circuit's holding in *Haight*, the Court should dismiss Plaintiff's request for monetary relief against Defendants. However, the Plaintiff's requests for injunctive,

---

[3]The Court has not had the opportunity until now to address this matter because, prior to the Court's screening of the Plaintiff's complaint pursuant to the Prison Litigation Reform Act, the Plaintiff had not amended his complaint to assert a claim for monetary damages. *See* Docket No. 13 (granting the Plaintiff's motion to amend and noting that the Court had stated in its prior Order that the Plaintiff had not specified the relief sought in his complaint).

declaratory, and equitable relief remain.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. In particular, the Magistrate Judge recommends that the Court should grant the Defendants' motion to dismiss as to the Plaintiff's request for monetary relief against the Defendants. However, the Magistrate Judge recommends that the Court should deny the Defendants' motion to dismiss on all other grounds.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**ENTERED** this 29th day of January, 2015.

        /S/ Joe B. Brown
        Joe B. Brown
        United States Magistrate Judge