```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       COLUMBIA DIVISION
```

DEXTOR FRANK JOHNSON,            )
                                 )
        Plaintiff                )
                                 )        No. 1:14-0113
v.                               )        Senior Judge Haynes/Brown
                                 )
DANIEL PRITCHARD and             )
RANDALL RUNIONS,                 )
                                 )
        Defendants               )

**TO: THE HONORABLE WILLIAM J. HAYES, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Plaintiff's motion for a temporary restraining order (Docket Entry 72) be denied.

### BACKGROUND

The Plaintiff in this matter, proceeding *pro se*, has filed suit against two officials at the South Central Correctional Center because he alleges they refused to allow him to attend the sacred feast of Ramadan in 2014. The case is under a revised scheduling order (Docket Entry 68), which provides that discovery will close on June 22, 2015, and dispositive motions will be due by July 22, 2015. The Plaintiff's motion for a temporary restraining order and/or preliminary injunction reads:

> Come now the Plaintiff, Dexter Frank Johnson pro-se, and respectfully requesting that this Honorable court grant the Plaintiff motion for Temporary Injunction against the Defendant's Danel Pritchard, A.W.O., et al. For the reasons of the Feasts, Eid ul Fitr, which starts on July 18, 2015, see attached to the motion 7.6 Religious Land Use and Institutionalized Persons Act.

It appears that Plaintiff is concerned that he will not be allowed to attend the feast of Eid ul Fitre scheduled on July 18, 2015. The Defendants in this matter have filed a prompt response (Docket Entry 73) in which they note that the Defendant Pritchard is no longer located at South Central Correctional Facility and that it is not clear what relief the Plaintiff requests on his own behalf.

**LEGAL DISCUSSION**

The Magistrate Judge agrees with the Defendants that the Plaintiff's motion clearly fails to comply with Federal Rule of Civil Procedure 65. There is no showing that he has been denied attendance at an upcoming feast. The Defendant Pritchard is no longer located at the facility and Plaintiff makes no mention of Chaplain Runions in his motion.

In considering a motion for preliminary injunction employs a four factor test (1) whether the movant has a likelihood of success on the merits; (2) whether the movant would suffer irreparably injury without the injunction; (3) whether issuance of the injunction would cause potential harm to others; and (4) whether the public interest would be served by issuance of the injunction. *American Civil Liberties Union of Kentucky v. McCreary County, Kentucky*, 354 F.3d 438, 445 (6th Cir. 1998). There is no showing that the Plaintiff has been denied attendance at the feast, which is not scheduled to start for approximately six weeks.

2

Next, the individual he attempts to enjoin is no longer at the institution and there is no showing that the Defendant has any control over who attends the feast at this point in the litigation.

The Magistrate Judge concludes that on the record, (1) the Plaintiff has little chance of likelihood of success, much less a strong likelihood of success until such time as the Plaintiff is actually denied a right to attend; (2) he has not suffered any injury, much less irreparable injury; (3) there is no showing one way or the other whether the injunction would cause substantial harm to others, other than the fact that the courts are unequipped to handle day-to-day activities of the correctional system; (4) there is no showing that the public interest would be served by the issuance of an injunction at this stage.

The Magistrate Judge would also note that the present litigation involves a feast in the past. If in fact the Plaintiff is denied attendance at the upcoming feast and he believes that the denial is improper, he has the opportunity to file a new lawsuit.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for a temporary restraining order and preliminary injunction be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

3

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 10th day of June, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge