# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **DEXTOR FRANK JOHNSON,** | ) |
| Plaintiff, | ) Case No.: 1:14-cv-00113 |
| | ) Judge: Haynes/Brown |
| v. | ) |
| **DANIEL PRITCHARD and** | ) |
| **RANDALL RUNIONS,** | ) |
| Defendants. | ) |

**To: The Honorable William J. Haynes, Senior United States District Judge.**

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants Daniel Pritchard and Randall Runions' Motion for Summary Judgment (Doc. 82). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that: (1) Defendants' Motion for Summary Judgment (Doc. 82) be **GRANTED**; (2) acceptance and adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action; and (3) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. BACKGROUND

In accordance with Local Rule 56.01(b), Defendants submitted a Statement of Material Facts (Doc. 84) in support of their Motion for Summary Judgment (Doc. 82). Defendants, in satisfaction of 28 U.S.C. § 1746, have attached the Declarations of Defendants Daniel Pritchard (Doc. 85) and Randall Runions (Doc. 86) in support of their Motion. Plaintiff has not submitted

1

any contradicting evidence[1] and has failed to respond to the Statement of Material Facts within the time period provided. Pursuant to Local Rule 56.01(g), Plaintiff is deemed to not dispute the asserted facts for the purposes of summary judgment.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action on August 22, 2014. (Doc. 1). In his Complaint, Plaintiff alleged that Chaplain Runions and Assistant Warden Pritchard violated his rights under The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, when they denied him the right to attend a Muslim religious feast, the Eid ul-Fitr, which was held on August 14, 2014, because he could not afford to pay for the "special food tray." (Doc. 1, pp. 1-2). On September 2, 2014 this Court issued an order for service and for the claims of the plaintiff as to alleged violation of RLUIPA to be allowed to proceed. (Doc. 3). On September 12, 2014 Plaintiff filed a Motion to Amend his Complaint (Doc. 6), wherein he sought to add his requested relief to this action. The Court granted Plaintiff's Motion (Doc. 13), and Plaintiff amended his Complaint to seek injunctive relief and monetary damages. Thereafter, Defendants filed a Motion to Dismiss Plaintiff's Complaint, arguing that RLUIPA does not authorize claims for monetary damages against Defendants in their individual or official capacities. (Doc. 23). The Court adopted the Report and Recommendation issued by this Magistrate Judge (Doc. 42) which dismissed Plaintiff's request as to monetary damages. (Doc. 54). The Court also denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 72). (Doc. 77). Defendants filed an Answer

---

[1] Plaintiff has submitted the Affidavits of seventeen prisoners who swear that "Muslims are being denied the right to freely practice [their] religion, by not being allowed to assist [their] indigent brothers. When it comes to providing feast celebrations, this facility [South Central Correctional Facility] will not allow [them] to give extra money to [their] indigent brothers to participate in the Muslim religious practice of giving charity." (Doc. 28, pp. 1-17). Defendants do not dispute that facility policy disallows inmates from making financial transactions for other inmates, citing legitimate penological interests as justification. (Doc. 84, ¶¶ 5, 16-17).

to Plaintiff's Complaint denying the Plaintiff's allegations, denying that they violated Plaintiff's rights in any manner, and denying that Plaintiff was entitled to any relief. (Doc. 58).

At all relevant times to this action, Plaintiff, Dexter Frank Johnson, was an inmate at South Central Correctional Facility ("SCCF") in Clifton, TN. (Doc. 84, ¶ 1). SCCF follows the Tennessee Department of Correction ("TDOC") policies that govern religious programs, which includes policies as to religious feasts. (Doc. 84, ¶¶ 5, 12-13). SCCF also adheres to the TDOC policies governing disciplinary offenses, including a policy that disallows inmates from making financial transactions for other inmates along with disallowing the pooling of funds.[2] (Doc. 84, ¶¶ 5, 16-17). In addition, SCCF has implemented its own policies that set forth the procedure by which inmates request and receive a religious feast and the policies governing the feast, including how an inmate is to receive a special food tray.[3] (Doc. 84, ¶¶ 21-27). No TDOC or SCCF policy prohibits an inmate from attending a religious feast because he cannot pay for the special food tray. (Doc. 84, ¶¶ 12-14, 21-27, 30). Instead, TDOC and SCCF policies permit an inmate who cannot pay for the special food tray to attend the religious feast and to receive a regular food tray, which conforms to the dietary concerns of Muslims. (Doc. 84, ¶ 6). Pursuant to SCCF policy, Plaintiff and other Muslims who lacked the funds to pay for the special food tray were allowed to attend the Eid ul-Fitr feast and receive a regular food tray. (Doc. 84, ¶ 30).

---

[2] SCCF claims that these policies serve "a legitimate penological interest in not allowing an inmate to become indebted to other inmates," as this would have "the potential to create conflict and tension that could jeopardize the safety and security of the facility." (Doc. 83, p. 14).

[3] For inmates to receive a religious feast, they must first submit a written request including the religious reasons for the feast, date, time, requested items, and anticipated number of participants to the Chaplain and Assistant Warden of Programs. (Doc. 84, ¶ 21). After receiving such a request, SCCF approved and arranged for the Eid ul-Fitr. (Doc. 84, ¶ 22). As part of the religious feast, additional food was ordered for special trays that inmates could purchase. (Doc. 84, ¶ 23).

3

Based on the foregoing, Defendants ask this Court to grant summary judgment in their favor on Plaintiff's RLUIPA claim. (Doc. 82).

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted).

### B. RLUIPA Claim

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 710 (2005). Recently, the Sixth

Circuit has held that to "establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy substantially burdens a religious practice." *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014); *see also* 42 U.S.C. § 2000cc–2(b) ("the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."). The religious practice does not have to be "central" to the inmate's faith "so long as the practice is traceable to [his] sincerely held religious belief." *Haight*, 763 F.3d at 560 (citing *Cutter*, 544 U.S. at 725 n. 13 (2005)). If the inmate is able to meet his initial burden, "the prison policy survives only if it serves a compelling government interest in the least restrictive way." *Haight*, 763 F.3d at 560 (citing 42 U.S.C. § 2000cc-1(a)). In this case, there is no dispute that the Muslim religious feast, Eid ul-Fitr, is a religious practice "traceable to [Plaintiff's] sincerely held religious belief." *Haight*, 763 F.3d at 560.

**a. Substantial Burden**

Although not defined by RLUIPA, an action will be classified as a substantial burden "when that action forced an individual to choose between 'following the precepts of [their] religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (citations omitted); *see also Adkins v. Kaspar*, 393 F.3d 559, 569-70 (5th Cir. 2004) ("[F]or purposes of applying the RLUIPA in this circuit . . . a 'substantial burden' on a religious exercise truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs."); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004) ("[A] substantial burden can result from pressure that tends to force adherents to forego religious precepts.").

First, Plaintiff alleged that he was denied the right to attend a Muslim religious feast, the Eid ul-Fitr. However, the unrefuted Declarations of Defendants Pritchard and Runions, in concert with SCCF policies, demonstrate that Plaintiff was never denied the right to attend the religious feast. Next, Plaintiff's complaint could be construed as alleging that the SCCF policies disallowing inmates from making financial transactions for other inmates and not permitting the pooling of funds substantially burdened Plaintiff's religious practice by not allowing other inmates to pay for his special food tray.[4]

Under the First Amendment or RLUIPA, "a correctional facility need only provide Muslim prisoners with food that is not 'haram' (impermissible)." *Cloyd v. Dulin*, No. 3:12-CV-1088, 2012 WL 5995234, at *4 (M.D. Tenn. Nov. 30, 2012) (citing *Abdullah v. Fard*, No. 97-3935, 1999 WL 98529, at *1 (6th Cir. Jan. 28, 1999). As such, if a plaintiff is given an alternative to eating non-halal meat, he does not suffer a "substantial burden" to his religious beliefs under RLUIPA. *See*, *e.g.*, *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 810-12 & n. 8 (8th Cir. 2008) (the prison's meal plan regulations did not substantially burden a Muslim inmate's free exercise of religion where the inmate had access to vegetarian entrees, some of which he had to pay for himself); *Watkins v. Shabazz*, 180 F. App'x 773, 775 (9th Cir. 2006) (no RLUIPA violation when prisoners were given alternatives to eating non-halal meat such as a nutritionally equivalent meat substitute or finding an outside religious organization to contract with the prison to provide halal meat).

---

[4] *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citations omitted) ("*Pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys.").

The policy at issue in this case is similar to that in *Adams v. Woodall*, No. 3:14-CV-00020, 2015 WL 998324, at *1 (M.D. Tenn. Mar. 4, 2015) *report and recommendation adopted*, No. 3-14-0020, 2015 WL 1549002 (M.D. Tenn. Apr. 7, 2015). Adams, an inmate plaintiff, claimed that his current prison's policy requiring him to purchase his religious goods from the facility's contracted vendor "at inflated prices" placed a substantial burden on his exercise of religion in violation of RLUIPA. *Id.* at *6. This Court dismissed plaintiff's RLUIPA claim at the summary judgment stage. *Id.* In reaching this conclusion, this Court contrasted Adams' claim with the plaintiff's claim in *Holt v. Hobbs*, 135 S. Ct. 853, 856-57 (2015). *Id.* The plaintiff in *Holt* easily satisfied the obligation to show a substantial burden on his religious exercise where prison policy required him to shave his beard in violation of the mandates of his religion. *Holt*, 135 S. Ct. at 856-57.

Here, like in *Adams,* Plaintiff has failed to make a showing of a substantial burden on his religious practice. Plaintiff was still permitted to attend the religious feast and receive a regular food tray. Importantly, Plaintiff does not dispute that the regular food tray conforms to the dietary concerns of Muslims. The challenged SCCF policies do not place a substantial burden upon Plaintiff's religious exercise because Plaintiff has offered no evidence that attending the feast with a regular food tray forced him to engage in conduct that "seriously violates [his] religious beliefs." *Holt*, 135 S. Ct. at 857.[5] Since Plaintiff has failed to meet his initial burden,

---

[5] Although not directly on point, the Eight Circuit has observed that courts generally hold no "substantial burden exists if the regulation merely makes the practice of a religious belief more expensive." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813-14 (8th Cir. 2008); *see Braunfeld v. Brown*, 366 U.S. 599, 605 (1961) (plurality opinion) (holding that a law that "operates so as to make the practice of . . . religious beliefs more expensive" did not sufficiently burden plaintiffs under the Free Exercise Clause); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 n. 11 (11th Cir. 2004) (acknowledging that the economic reality of the marketplace does not constitute a substantial burden under RLUIPA).

this Court need not address whether the prison policy "serves a compelling government interest in the least restrictive way." *Haight*, 763 F.3d at 560 (citing 42 U.S.C. § 2000cc-1(a)).

### III. RECOMMENDATION

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that: (1) Defendants' Motion for Summary Judgment (Doc. 82) be **GRANTED**; (2) acceptance and adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action; and (3) any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 149, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 26th day of October, 2015.

s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge